UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATASHA JO POWELL                                                     PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:11-CV-603

STARR HARRIS                                                    DEFENDANT

## **MEMORANDUM OPINION**

     Plaintiff Natasha Jo Powell filed this civil rights action on October 19, 2011 in Marion Circuit Court against Defendant Starr Harris, a child protective services social worker employed by the Kentucky Cabinet for Health and Family Services. On October 27, 2011, Harris removed the action to this court pursuant to federal question jurisdiction. Harris has now filed a motion to dismiss or for summary judgment (DN 6).

     Harris first argues in her motion to dismiss that the action is subject to dismissal for Powell's failure to timely serve her. As noted above, Harris removed this action on October 27, 2011, eight days after the action was filed in Marion Circuit Court. In her notice of removal, Harris stated that she disputed the sufficiency of Powell's service, but nevertheless removed the case when she did in order to avoid any arguments concerning the timeliness of the removal. After removal of the action to this court, neither party made any filing in the case for more than one year. Then, on December 13, 2012, this court issued an order for the parties to file a joint status report within 21 days. On January 3, 2013, the parties filed such a report. They stated that Powell had advised her attorneys that she wished to pursue her claims against Harris, while Harris intended to file a motion to dismiss on numerous grounds, including Powell's failure to properly serve Harris.

On February 22, 2013, Harris filed the instant motion to dismiss containing her argument that she was never properly served. In an affidavit attached to her motion to dismiss, Harris states that she was never personally served with process by Powell, nor had she authorized any person to accept service of process by any method on her behalf.

In her response to Harris's motion to dismiss, Powell does not provide the court with any evidence or explanation of how she served Harris. Powell simply states, "[D]efendant fails to advise the court that defendant was properly served on October 21st, 2011, under Kentucky law prior to her filing for removal and thus service was properly effectuated" (Pl's. Resp. Mot. to Dismiss, DN 9, at 8). Powell also argues – without citation to a single source of authority – that Harris waived any right to challenge service by waiting sixteen months from removal of the action to federal court to challenge service.

We start with the waiver issue. The defense of insufficiency of service of process may be waived by a party. Fed. R. Civ. P. 12(h); *Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002). Under Rule 12(h)(1), a party waives the defense of service of process by filing a motion to dismiss that does not raise that defense, failing to file a motion to dismiss, or failing to raise the defense in a responsive pleading. Here, in the first motion to dismiss filed by Harris, she raised the defense of insufficient service of process. Thus, she did not waive the defense. Further, as to the timing of Harris raising that defense, she had no reason to raise the service issue at any earlier time. She was the defendant in a lawsuit in which, she believed, she had not yet been properly made a part of the suit due to invalid service of process; meanwhile, there was no additional activity in the case.

Turning to the merits of the service issue, it is the burden of the plaintiff to perfect service of process and to establish that proper service was made. *Sawyer v. Lexington-Fayette Urban County*

*Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Since Harris called Powell's service into question, it is up to Powell to show the court that she did indeed properly serve Harris. To do so, it is incumbent on Powell to submit to the court evidence showing how she attempted to serve Harris. Powell has not done that, instead choosing to offer nothing more than a conclusory statement that she had "properly" served Harris.

Indeed, the only information the court has concerning Powell's attempted method of service comes from various statements made in Harris's notice of removal and reply papers supporting her motion to dismiss. Specifically, Harris stated in her notice of removal that Powell had attempted to serve process by certified mail (although Harris noted her belief that the attempt was insufficient). And, in her reply papers, Harris stated that her attorney "had been told someone named Diane Martin signed the certified mail receipt addressed to Starr Harris on October 21, 2011, and that receipt was filed with the Marion Circuit Court clerk on October 24, 2011" (Reply in Supp. of Mot. to Dismiss, DN 13, at 2 n.1).

But even accepting that Harris is correct that Powell's attempted method of service was via certified mail, the court is still left with Harris's affidavit saying she never personally accepted service, nor had she authorized anybody to accept service on her behalf through any method – an averment that is in full accord with the statement by Harris's attorney in Harris's reply papers that he had been told that someone named Diane Martin signed the certified mail receipt. The fact that the certified mailing was not signed for by Harris herself would render invalid any attempt Powell made at serving her by certified mail. Ky. R. Civ. P. 4.01(a) (certified mail must contain "instructions to the delivering postal employee to deliver to the addressee only . . ."); *see Treat v. Shedlofsky*, 2012 WL 122561, at *5 (W.D.Ky. Jan. 17, 2012) ("Under Kentucky rules, service may

be effectuated by certified mail on an individual defendant, but only if the defendant personally signs for the letter when it arrives."); *Douglas v. Univ. of Ky. Hosp.*, 2008 WL 2152209, at *3 (Ky. Ct. App. May 23, 2008) (finding that signature of person other than the defendant on return receipt indicated invalid service).

Having found that Powell has not met her burden of showing that she properly served Harris, the court turns to the question of what to do about it. Harris suggests the court should dismiss the case pursuant to Federal Rule of Civil Procedure 4(m), which provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service an appropriate period."

Initially, the court notes that it cannot find that Powell had good cause for her failure to perfect service within 120 days of filing the complaint. As detailed above, Powell argued in a summary and conclusory manner that she had in fact perfected service, without providing evidence of how she did that. Perhaps believing that the court would simply accept her conclusory statement that she properly served Harris, Powell declined to offer any argument as to why she had good cause for failing to effect valid service on Harris within that time period. Nor is any such reason apparent to the court on this record. Indeed, Harris made clear in her notice of removal, filed just eight days after Powell filed her complaint, that Harris believed Powell's attempt at service was insufficient. Thereafter, Powell declined to take any action whatsoever for over one year, and even then it was only at the instigation of the court. Of course, Powell could have taken steps to activate this litigation, even if Harris did not take any actions due to her belief that she had not yet been properly

served. Not only could Powell have simply re-served Harris (as Powell should have been on notice to do if she did indeed receive a signed return receipt with the signature of someone other than Harris), but, if Powell believed service to have been sufficient, she could have moved for a default judgment after Harris failed to take any action to defend the case, thus bringing the issue before the court for a prompt resolution. Instead, Powell did neither. As there has been no showing of good cause for Powell's failure to effect service within 120 days, the court is not mandated to extend the time for service.

Even in the absence of good cause, though, the court has discretion to extend the time for service of process. Fed. R. Civ. P. 4(m); *Henderson v. United States*, 517 U.S. 654, 662 (1996). However, the court will not exercise that discretion, and instead will dismiss this action without prejudice. The court's decision in that respect is informed in large part by the extremely lengthy period of time in which Powell took no steps to move her case forward. Powell notes in her response papers that this action is related to another case, *Powell v. Cornett*, that was pending before Judge Heyburn of this court, and states that Harris has "tracked and shared in the discovery from the *Cornett* litigation." That Harris may have been aware of the goings-on in another case in which she was not a party hardly excuses Powell's failure to pursue her case against Harris. Simply put, it was incumbent on Powell, the plaintiff, to move forward with her case, including by ensuring that Harris, the defendant, was properly made a part of the suit. Powell's lack of action in prosecuting her case against Harris counsels strongly in favor of dismissing the action without prejudice rather than granting Powell an extension of time to serve Harris.

In sum, Harris's motion to dismiss or for summary judgment will be granted due to Powell's failure to timely serve Harris. The action will be dismissed without prejudice. A separate order will be entered in accordance with this opinion.

June 12, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**